**IN THE UNITED STATES DISTRICT OF TEXAS**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GLORIA VILLASANA,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **CIVIL ACTION NO. 5:17-CV-436** |
| **VS.** | § | **JURY TRIAL REQUESTED** |
| | § | |
| | § | |
| **JM BOZEMAN ENTERPRISES, INC.** | § | |
| **AND RICHARD WAYNE MCQUEEN,** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Gloria Villasana, Plaintiff, by and through her attorneys, The Law Offices of Thomas J. Henry, now comes before this Court and complains of JM Bozeman Enterprises, Inc. and Richard Wayne McQueen, as follows:

### I.
### PARTIES

1. Gloria Villasana is an individual residing in Bexar County, Texas, and thus a resident of the Western District of Texas.

2. Defendant JM Bozeman Enterprises, Inc. is a resident of Malvern, Hot Springs County Arkansas. Defendant JM Bozeman Enterprises, Inc. may be served with process through its registered agent, Robert Laster, 166 Seltzer Lane, Malvern, Arkansas 72104.

3. Defendant Richard Wayne McQueen is a resident of Hot Springs, Hot Springs County Arkansas. Defendant Richard Wayne McQueen may be served with process at his residence located at 135 Pistol Circle, Hot Springs, Arkansas 71913.

## II.
## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the suit pursuant to 28 U.S.C. § 1332(a)(1) because the

Plaintiff and Respondents are citizens of different states and the amount in controversy

exceeds $75,000, excluding interest and costs.

5.    Venue is proper in this District pursuant to U.S.C. § 1391 because the collision which

forms the basis of this lawsuit occurred in Comal County which is within this District.

## III.
## SUMMARY

6.    On November 27, 2015, Plaintiff Gloria Villasana was traveling in her vehicle in a

lawful manner on IH-35 in New Braunfels, Comal County, Texas when Defendant Richard

Wayne McQueen, while operating a White Tractor Trailer owned by JM Bozeman Enterprises,

Inc., abruptly swerved into her lane of travel and violently struck her 2005 Chevrolet Cavalier.

The Texas Peace Officer's Crash Report found Richard Wayne McQueen to be at fault for the

collision for changing lanes when unsafe. At the time of the collision in question, Defendant

Richard Wayne McQueen was in the course and scope of his employment with Defendant JM

Bozeman Enterprises, Inc. As a result of this collision, Plaintiff sustained severe injuries and

damages as more fully described below.

## IV.
## NEGLIGENCE CAUSE OF ACTION AGAINST
## DEFENDANT JM BOZEMAN ENTERPRISES, INC.

7.    At the time of the occurrence of the act in question and immediately prior thereto,

Defendant Richard Wayne McQueen was acting within the course and scope of his employment

with Defendant JM Bozeman Enterprises, Inc.

8.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Richard Wayne McQueen was engaged in the furtherance of Defendant JM Bozeman Enterprises, Inc.'s business.

9.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Richard Wayne McQueen was engaged in accomplishing a task for which Defendant Richard Wayne McQueen was employed.

10.    Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant JM Bozeman Enterprises, Inc.

11.    The Defendant JM Bozeman Enterprises, Inc. is liable under the doctrine of *Respondeat Superior* in that Defendant Richard Wayne McQueen was operating the vehicle in the course and scope of his employment with Defendant JM Bozeman Enterprises, Inc.

12.    Defendant JM Bozeman Enterprises, Inc., is also negligent in one or more of the following respects:

       a.     Negligent hiring of Defendant Richard Wayne McQueen;

       b.     Negligent training of Defendant Richard Wayne McQueen;

       c.     Negligent supervision of Defendant Richard Wayne McQueen; and

       d.     Negligent retention of Defendant Richard Wayne McQueen.

13.    As described herein, Defendant JM Bozeman Enterprises, Inc., was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

14.    Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused

the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of her natural life, and the damages and other losses to Plaintiff.

## V.
## NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT RICHARD WAYNE MCQUEEN

15.     Defendant Richard Wayne McQueen had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16.     Plaintiff's injuries were proximately caused by Defendant Richard Wayne

McQueen's negligent, careless and reckless disregard of said duty.

17.     The negligent, careless and reckless disregard of duty by Defendant Richard Wayne

McQueen consisted of, but is not limited to, the following acts and omissions:

   a.     In that Defendant Richard Wayne McQueen failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   b.     In that Defendant Richard Wayne McQueen failed to change lanes in a lawful manner that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   c.     In that Defendant Richard Wayne McQueen failed to drive defensively to avoid the collision;

   d.     In that Defendant Richard Wayne McQueen was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

4

e.  In that Defendant Richard Wayne McQueen failed to timely apply the brakes of the vehicle in order to avoid the collision in question; and

18.  As described herein, Defendant Richard Wayne McQueen was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

19.  Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of her natural life, and the damages and other losses to Plaintiff.

## VI.
## GROSS NEGLIGENCE

20.  Richard Wayne McQueen's negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, her conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Richard Wayne McQueen had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

21.  Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

22.  JM Bozeman Enterprises, Inc.'s negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, their conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  JM Bozeman

5

Enterprises, Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

23.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## VII.
## DAMAGES

24.     As a direct and proximate result of the collision and the negligent conduct of JM Bozeman Enterprises, Inc. and Richard Wayne McQueen, Plaintiff suffered severe bodily injury to her neck, upper back, lower back, and other parts of her body generally.   The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injury, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

25.     As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

26.     As a consequence of the injuries sustained by Plaintiff, she has sustained physical impairment and/or disfigurement. In all reasonable probability, this disability will cause Plaintiff to suffer long into the future, if not for the balance of her natural life.

27.     Specifically, as a direct and proximate result of the negligent acts of JM Bozeman Enterprises, Inc. and Richard Wayne McQueen, Plaintiff has endured significant pain and suffering, mental anguish, and physical impairment as a result of the collision in question. Plaintiff continues to seek treatment for her injuries sustained in the collision in question.

28.     WHEREFORE, Plaintiff is entitled to damages from JM Bozeman Enterprises, Inc. and Richard Wayne McQueen, and she does hereby pray that judgment be entered in her favor and against the JM Bozeman Enterprises, Inc. and Richard Wayne McQueen as follows:

1.      Pain and suffering in the past;
2.      Pain and suffering in the future;
3.      Mental anguish in the past;
4.      Mental anguish in the future;
5.      Past medical expenses;
6.      Future medical expenses;
7.      Physical impairment in the past;
8.      Physical impairment in the future;
9.      Physical disfigurement in the past;
10.     Physical disfigurement in the future;
11.     Loss of past wages;
12.     Loss of future wages;
13.     Loss of wage earning capacity;

7

14.   Loss of consortium

15.   Property damage; and

16.   Loss of use.

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

29.   Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

30.   Plaintiff hereby makes her demand for a jury trial and acknowledges herein the payment
on this date of the required jury fee.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the
Defendants be cited to appear and answer herein, and that upon a final hearing of the cause,
judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual
damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this
Court; together with pre-judgment interest (from the date of injury through the date of judgment)
at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and
such other and further relief to which the Plaintiff may be entitled at law or in equity.

8

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361)-985-0600
Fax: (361)-985-0601

By: _____
    Thomas J. Henry
    SBN: 09484210
    Robert P. Wilson
    SBN: 21718575

Rwilson-svc@thomasjhenrylaw.com

ATTORNEYS FOR PLAINTIFF

*service by email to this address only